In the Matter of LAWRENCE HORDES, Respondent, against JOSEPH D. McGOLD-RICK, as State Rent Administrator, Appellant, and GABRIEL KIRCHENBAUM, Intervener, Appellant.— On July 22, 1952, the landlord filed an application for a certificate of eviction under section 55 of the Rent and Eviction Regulations on the ground that he was seeking the tenant's apartment for occupancy by his daughter and son-in-law. On August 29, 1952, the local rent administrator denied the application because the landlord failed to establish immediate and compelling necessity. The landlord filed a protest, during the pendency of which he offered to relocate the tenant in an exactly similar apartment in the same house one flight above the tenant's present apartment. On December 18, 1952, the State Rent Administrator revoked the order of the local administrator and directed the issuance of a certificate. The State Administrator found that (1) the landlord did not establish the existence of an immediate and compelling necessity for issuance of a certificate pursuant to subdivision 1 of section 55 of the regulations; (2) a certificate of eviction may be issued under section 54 of the regulations, even where no immediate and compelling necessity is shown, provided the landlord offers to relocate the tenant under the standards set forth in the administrator's Opinion No. 50 (suitable housing accommodations in the same city, not unreasonably distant from the tenant's present premises, and available at a rental not greater than the rent now being paid by the tenant) ; (3) the landlord is seeking the apartment in good faith and has offered the tenant an apartment which fully meets the criteria of said opinion. On January 19, 1953, the local administrator issued the certificate directed by the State Administrator. On January 19, 1953, the tenant commenced this article 78 proceeding to review the determination of the State Administrator, in which proceeding the landlord has been permitted to intervene. The application was granted and the State Administrator's order of December 18, 1952, was revoked on the ground that said Opinion No. 50 authorized relocation where the landlord seeks the tenant's apartment for self-occupancy, but not where the apartment is sought for the use of a member of the landlord's family; therefore, said administrator was without authority to direct the issuance of the certificate pursuant to section 54 of the regulations and said Opinion No. 50. Both the State Rent Administrator and the landlord appeal. Order reversed on the law, without costs, and proceeding dismissed, without costs. The landlord is willing and able to relocate the tenant in what the State Administrator has found to be suitable and substantially similar housing accommodations within the requirements of said Opinion No. 50. The requested removal of the tenant is, in the opinion of said Administrator, not inconsistent with the purposes of the State Residential Rent Law and the regulations, and is not likely to result in their circumvention or evasion. Whether the occupancy is sought for the landlord

himself or for a member of the landlord's family is not the determining factor. What is decisive is whether the rent control law and the regulations are being evaded. The State Administrator has determined as a matter of policy that the said law and regulations are not being evaded in the case at bar because, whether the occupancy is sought by the landlord for himself or for his daughter, the tenant is not being deprived of a home. The court is without power to interfere with such a determination. (*Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70.) Administrator's Opinion No. 83, upon which the tenant relies, refers to an exchange of apartments where the apartment offered in exchange for the tenant's apartment may not be a suitable or substantially similar housing accommodation and where the apartment so offered to the tenant may carry a higher maximum rental than the rental which the tenant is paying for his present apartment. In such a case, the landlord's immediate and compelling necessity is required to be shown. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.